# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LILIYA TURUBCHUK, individually and as personal representative of the Estate of ALEKSEY TURUBCHUK, Deceased, and VLADIMIR NEMTSOV, as parent and guardian of ELINA NEMTSOVA (a minor) and VLADISLAV NEMTSOV (a minor), and LUDMILA NEMTSOVA, and IRINA TURUBCHUK,<br><br>**Plaintiffs,**<br><br>vs.<br><br>E.T. SIMONDS CONSTRUCTION COMPANY, and SOUTHERN ILLINOIS ASPHALT COMPANY, Inc.,<br><br>**Defendants.** | CASE NO. 07-216-WDS |

# **COMPLAINT FOR DAMAGES**

Plaintiffs Liliya Turubchuk, individually and as personal representative of the Estate of Aleksey Turubchuk, Vladimir Nemtsov, as parent and guardian of Elina Nemtsova (a minor child) and Vladislav Nemtsov (a minor child), Ludmila Nemtsova, and Irina Turubchuk through counsel, Washington Law Group, for their Complaint for Damages against Defendants E.T. Simonds Construction Company and Southern Illinois Asphalt Company, Inc. (hereinafter collectively referred to as "Contractors") state and allege as follows:

1

## PARTIES

1. Plaintiff Liliya Turubchuk is the duly appointed personal representative of the Estate of Aleksey Turubchuk. Plaintiff Liliya Turubchuk is a resident of King County, Washington.

2. Plaintiff Vladimir Nemtsov, parent and guardian of Elina Nemtsova (a minor child) and Vladislav Nemtsov (a minor child), is a resident of King County, Washington.

3. Plaintiff Ludmila Nemtsova is a resident of King County, Washington.

4. Plaintiff Irina Turubchuk is a resident of King County Washington.

5. Upon information and belief, Defendant E.T. Simonds Construction Company is a foreign corporation organized and existing under the laws of Delaware.

6. Upon information and belief, Defendant Southern Illinois Asphalt Company, Inc. is a foreign corporation organized and existing under the laws of Delaware.

## JURISDICTION AND VENUE

7. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

8. This Court has jurisdiction pursuant to 28 U.S.C. §1332

9. All relevant events giving rise to the claims occurred in Johnson County, Illinois in the Southern District of Illinois.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391.

**ALLEGATIONS COMMON TO ALL CLAIMS**

11. Plaintiffs' claims for damages against Contractors arise from injuries and other damages sustained as a result of an automobile accident that occurred on August 21, 2005 on Interstate 24 eastbound at Mile Post 23, in Township 13 in the State of Illinois.

12. Interstate 24 is a four-lane roadway with a grassy median in the center dividing traffic east and west. There are shoulders on the right side of the roadway going both directions. The two lanes of traffic are separated by a broken center white line.

13. On or about August 21, 2005, the area where the accident occurred was being re-paved by the Contractors pursuant to a contract with the State of Illinois: Contract No. 98836; Project ACIM-24-1(99)14; Johnson County; FAI Route 24; Section (44-5,6)RS,BSMART FY04-3; District 9.

14. The fog line was not present at the time of the accident. The roadway at the location of the accident had been recently re-paved. The fog line and yellow solid lines had not been repainted onto the surface of the roadway. A guardrail had once stood at this location prior to the construction. The roadway is flat and on a grade. At the time of the accident, the roadway was clear and dry. The posted speed limit is 65 mph.

15. The weather was clear and dry. The drainage areas on both sides of the road were dry and grass covered. Weather conditions did not contribute to the accident.

16. The vehicle, a Dodge Caravan, Washington License No. 916MPJ, was being operated by Plaintiff Ludmila Nemtsova.  Ms. Nemtsova lost control of the vehicle when the left wheels dropped off a step edge of the road created by the paving activities of the Contractors.  Thereafter, Ms. Nemtsova attempted to get the vehicle back onto the road.  The vehicle veered to the right, crossed over the highway, and slid to the right shoulder where it began to roll over several times before coming to a stop.  The vehicle came to rest on the west side of the roadway, facing east.

17. The vehicle sustained extensive damage due to the rollover.  The rear axle and wheels were torn from the vehicle.

18. The vehicle was occupied by six persons.  Plaintiff Ludmila Nemtsova was seated in the driver's seat and sustained severe mental and physical injuries.  Plaintiff Irina Turubchuk was seated in the front passenger seat.  She sustained serious mental and physical injuries in the accident.  Plaintiff Liliya Turubchuk was seated on the first bench behind the driver and sustained serious mental and physical injuries.  Aleksey Turubchuk was seated behind the front passenger on the first bench seat.  Mr. Turubchuk was ejected from the vehicle and sustained fatal injuries.  Elina Nemtsova and Vladislav Nemtsov were seated in the second bench seat and both sustained serious mental and physical injuries.

## COUNT 1 - CREATION OF UNREASONABLY DANGEROUS CONDITION

19. Plaintiffs restate and incorporate by reference the allegations contained in paragraphs 1 through 18 above as if fully set forth herein.

20. Contractors had a duty to act as reasonably prudent contractors and not create an unreasonably dangerous condition which would expose the traveling public to an unreasonable risk of harm.

21. Contractors breached this duty by conducting their paving activities in such a manner as to create a steep drop-off on the edge of the roadway where the accident occurred.  Contractors had actual knowledge of this hazardous condition.

22. Contractors' breach, as described in paragraph 21, proximately caused the damages outlined in paragraph 18.  More specifically, as a direct and proximate cause of the Contractors breach, the surviving Plaintiffs sustained the following damages: bodily impairment, loss of earnings, and loss of earning capacity in the future.  The surviving Plaintiffs have experienced physical pain, suffering, inconvenience, loss of enjoyment of life, mental anguish, and will, in all reasonable probability, continue to do so in the future by reason of the nature and severity of their injuries.  The surviving Plaintiffs have incurred medical expenses and other economic losses in the past, and will continue to incur medical expenses and other economic losses for the foreseeable future.

## COUNT 2 - FAILURE TO ERECT APPROPRIATE BARRICADES

23. Plaintiffs restate and incorporate by reference the allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

23. Contractors had a duty to act as reasonably prudent contractors and to erect appropriate barricades to prevent the traveling public from encountering an

unreasonably dangerous condition which would expose the traveling public to an unreasonable risk of harm.

24. Contractors breached this duty by failing to erect appropriate barricades to prevent the traveling public from encountering the steep drop-off on the edge of the roadway where the accident occurred.

25. Contractors' breach, as described in paragraph 24, proximately caused the damages outlined in paragraph 18.  More specifically, as a direct and proximate cause of the Contractors breach, the surviving Plaintiffs sustained the following damages: bodily impairment, loss of earnings, and loss of earning capacity in the future.  The surviving Plaintiffs have experienced physical pain, suffering, inconvenience, loss of enjoyment of life, mental anguish, and will, in all reasonable probability, continue to do so in the future by reason of the nature and severity of their injuries.  The surviving Plaintiffs have incurred medical expenses and other economic losses in the past, and will continue to incur medical expenses and other economic losses for the foreseeable future.

## COUNT 3 - FAILURE TO WARN

26. Plaintiffs restate and incorporate by reference the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

27. Contractors had a duty to act as reasonably prudent contractors and warn the traveling public of hazardous conditions created by their paving activities.

28. Contractors breached this duty by failing to place adequate signs, signals, or devices to warn the traveling public of the steep drop-off on the edges of the

roadway where the accident occurred.

29. Contractors' breach, as described in paragraph 28, proximately caused the damages outlined in paragraph 18.  More specifically, as a direct and proximate cause of the Contractors breach, the surviving Plaintiffs sustained the following damages: bodily impairment, loss of earnings, and loss of earning capacity in the future.  The surviving Plaintiffs have experienced physical pain, suffering, inconvenience, loss of enjoyment of life, mental anguish, and will, in all reasonable probability, continue to do so in the future by reason of the nature and severity of their injuries.  The surviving Plaintiffs have incurred medical expenses and other economic losses in the past, and will continue to incur medical expenses and other economic losses for the foreseeable future.

## COUNT 4- SURVIVORSHIP

30. Plaintiffs restate and incorporate by reference the allegations contained in paragraphs 1 through 29 above as if fully set forth herein.
31. Contractors' breach, as described above, proximately caused Aleksey Turubchuk to sustained the following damages: bodily injury, physical pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish.
32. Contractors acted wrongfully and negligently with respect to Aleksey Turubchuk and such conduct entitles Aleksey Turubchuk to maintain an action against Contractors.
33. The claims of Aleksey Turubchuk survive pursuant to 755 Ill. Comp. Stat. 5/27-6.
34. Contractors are liable for such damages in an amount to be proven at trial.

## COUNT 5- WRONGFUL DEATH

35. Plaintiffs restate and incorporate by reference the allegations contained in paragraphs 1 through 34 above as if fully set forth herein.

36. The facts alleged satisfy the requirements for an action under 740 Ill. Comp. Stat 180/0.01 through 180/2.2, The Wrongful Death Act.

37. Contractors acted wrongfully and negligently with respect to Aleksey Turubchuk and such conduct would have otherwise entitled Aleksey Turubchuk to maintain an action against Contractors..

38. Contractors are liable for the damages described in 740 Ill. Comp. Stat. 180/2 in an amount to be proven at trial.

## COUNT 6- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiffs restate and incorporate by reference the allegations contained in paragraphs 1 through 38 above as if fully set forth herein.

40. The surviving Plaintiffs witnessed the death of Aleksey Turubchuk and the injuries to each other.

41. The surviving Plaintiffs were in such proximity to the accident in which Aleksey Turubchuk was killed and in which each of them was injured that there was a high risk of physical impact to each of the surviving Plaintiffs.

42. The surviving Plaintiffs had reasonable fear for their own safety.

43. The surviving Plaintiffs each suffered, and will continue to suffer for the foreseeable future, physical injury and illness as a result of the emotion distress associated with witnessing the death of Aleksey Turubchuk and the injuries to

each other.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for judgment against Contractors as follows:

1. Damages in excess of seventy-five thousand dollars ($75,000.00) exclusive of costs, interest, and attorney fees, in an amount to be proven at trial;

2. Damages as set forth in 740 Ill. Comp. Stat. 180/2 in an amount to be proven at trial;

3. Costs, interest and attorney's fees; and

4. For such other and further relief as the Court deems just and equitable.

DATED this March 29, 2007.

                          WASHINGTON LAW GROUP

                          __s/ Thomas L. Hause_____
                          By: Thomas L. Hause (Lead Counsel)
                          Komron Michael Allahyari
                          1001 4th Avenue Plaza
                          32nd Floor
                          Seattle, Washington 98154
                          Phone - (206) 523-6313
                          Fax -    (206) 523-0822
                          E-mail tom@walawgroup.com
                                  komron@walawgroup.com